**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    No. CV-05-0155 MV/ACT
                                      CR-03-1998 MV

GABRIEL VARGAS-GODINES,

        Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed February 9, 2005.  Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony.  8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2).  He was sentenced to 70 months of imprisonment, in part as a result of the prior aggravated felony conviction.  § 1326(b)(2).  Defendant did not appeal his conviction or sentence.  In his § 2255 motion, Defendant claims his sentence and the use of prior convictions violate his Sixth Amendment rights.  He does not deny that he was previously deported after committing an aggravated felony.  The motion also contains a claim for ineffective assistance of counsel.

        Defendant's claims are raised under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  Defendant first argues that, under *Blakely*, the Court's enhancement of his sentence based on prior convictions violated his Sixth

Amendment right to a jury trial. This claim is barred under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 530 U.S. at 490; *see also United States v. Soto-Ornelas*, 312 F.3d 1167, 1170 (10th Cir. 2002). *Blakely* does not overrule the "prior conviction" exception to the *Apprendi* rule. Furthermore, the recent decision in *United States v. Booker*, --- U.S. ---, No. 04-104, 2005 WL 50108 (U.S. Jan. 12, 2005), which declares the mandatory application of the Sentencing Guidelines unconstitutional, 2005 WL 50108, at *24, applies only to pending cases and those on direct review, 2005 WL 50108, at *29; *see also Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004). Defendant's case is not on direct review, and his claim under *Blakely* will be denied.

Defendant also argues that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Blakely*, his conviction under 8 U.S.C. § 1326 is unconstitutional. This claim does not survive scrutiny. Defendant was charged, convicted, and sentenced under §§ 1326(a)(1) and (2) and (b)(2), which prohibit reentry by a deported alien. The terms of § 1326(b)(2) provide an increased sentence for a defendant with a prior felony conviction. In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions. 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized but not overruled, *see Apprendi*, 530 U.S. at 489-90, and the Court will dismiss these claims.

IT IS THEREFORE ORDERED that Defendant's claims under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in his § 2255 motion are DISMISSED;

IT IS FURTHER ORDERED that the Clerk shall forward to the United States of America

a copy of Defendant's motion to vacate, set aside or correct sentence and supporting papers and exhibits, if any, together with a certified copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three days of receipt of this Order, the United States answer Defendant's allegations of ineffective assistance of counsel set forth in the last page of his motion.

_____
UNITED STATES DISTRICT JUDGE