IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.           No. CIV 05-155 MV/ACT
        CR 03-1998 MV

GABRIEL VARGAS-GODINES,

        Defendant/Movant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1.    On February 9, 2005, movant Gabriel Vargas-Godines ("Mr. Vargas") filed this *pro se* "Motion Pursuant to 28 U.S.C. § 2255 Unconstitutional Enhancements Pursuant to Blakely v. Washington and Apprendi v. Washington [sic]." [Doc. 1.] Mr. Vargas asks that his case be remanded for resentencing in accordance with the United States Supreme Court decisions in Blakely, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). He also asserts that his attorney provided ineffective assistance of counsel for failing to raise Blakely issues[2] and/or for failing

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] Mr. Vargas claims, for example, that under Blakely, the Court's enhancement of his sentence based on a prior conviction violated his Sixth Amendment right to a jury trial. [Doc. No. 1, p. 2; Doc. No. 2.]

1

to contest the district court's enhancement of his sentence based on Mr. Vargas' prior felony conviction. Finally, he seeks an evidentiary hearing.

2. On July 29, 2005, the Court entered a Memorandum Opinion and Order concluding that Mr. Vargas' Blakely claims would be denied and dismissed. [Doc. No. 2.] The Court then directed the United States to file a response addressing Mr. Vargas' sole remaining claim of ineffective assistance of counsel as set forth on the last page of his § 2255 petition.

3. The United States requested and received an extension of time to answer Mr. Vargas' petition, and timely filed its response on September 21, 2005. In its response, the government argues that Mr. Vargas' ineffective assistance of counsel claim must fail under the Strickland two-prong test and that he is not entitled to an evidentiary hearing. [Doc. No. 5.] As of this date, Mr. Vargas did not file a reply.

4. On July 14, 2003, Mr. Vargas was charged with unlawful entry in the United States. [Doc. No. 1, No. CR 03-1998.] The government asserts that Mr. Vargas admitted that he was a Mexican citizen and illegally present in the United States. Through subsequent investigation and research, the government learned that Mr. Vargas was previously deported on May 31, 2003 and that in 1999, he was convicted of armed robbery in Phoenix, Az, for which he was sentenced to five years of imprisonment. [Doc. No. 12, No. CR 03-1998; Presentence Report at 3, 4.]

5. On October 15, 2003, Mr. Vargas waived his right to grand jury indictment and pled guilty to an Information, without a plea agreement. [Doc. Nos. 12, 13, 14, 15, 20 in No. CR 03-1998.] On February 10, 2004, the Court entered judgment, having adjudicated Mr. Vargas guilty of Reentry of Deported Alien (8 U.S.C. § 1326(a)(1)(2)) Previously Convicted and Aggravated Felony (8 U.S.C. § 1326(b)(2)). [Doc. No. 20, No. CR 03-1998.] On the same day, the Court sentenced

Mr. Vargas to a seventy-month period of incarceration.  Mr. Vargas' sentence was enhanced based on his prior aggravated felony conviction.  The terms of 6 U.S.C. § 1326(b)(2) provide for an increased sentence for a defendant with a prior felony conviction.  Mr. Vargas did not take a direct appeal.

6. Because the Court already dismissed Mr. Vargas' Blakely claims, only one claim remains for this Court to decide:  Mr. Vargas' assertion that his attorney provided ineffective assistance of counsel by failing to raise on direct appeal a Blakely-like objection to his sentence enhancement.  In support of his ineffective assistance of counsel claim, Mr. Vargas asserts that had his attorney challenged on appeal the allegedly unlawful enhancement of his sentence, Mr Vargas would not have suffered a sentence enhancement and/or that his sentence would have been different. [Doc. No. 1, last page.]

**Analysis**

7. An ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal, must be evaluated in accordance with the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-88, 692-94 (1984).  In accordance with Strickland, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance.  Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S.Ct. 1029 (2000); Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062 (1996).  Thus, to prevail, Mr. Vargas must satisfy both prongs by establishing his attorney's representation was deficient and that he was prejudiced by that deficiency.  *See* United States v. Gonzalez-Bartolo, 132 Fed. Appx. 770 at *771 (10th Cir. May 31, 2005) (unpublished) (internal citations omitted).

8.	In applying the test of whether an attorney's performance was deficient and fell below an objective standard of reasonableness, the Tenth Circuit advises that "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.) (internal citation omitted), *cert. denied*, 537 U.S. 1093 (2002). To demonstrate that his attorney's performance was constitutionally deficient, Mr. Vargas must show that his counsel's "omissions were outside the range of professionally competent assistance." Strickland, 466 U.S. at 690.

9.	To meet the second prong of the Strickland inquiry, Mr. Vargas must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

10.	Here, Mr. Vargus pled guilty to the Information on October 15, 2003 and was sentenced on February 10, 2004. Both of these events preceded the Supreme Court's decisions in Blakely and United States v. Booker, 125 S. Ct. 738 (2005). Therefore, it cannot be established that Mr. Vargas' attorney acted with objective unreasonableness by not raising a Blakely/Booker argument because counsel is not expected to "foresee future developments in the law." United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995), *cert. denied,* 517 U.S. 1114 (1996). In other words, "[c]ounsel's assistance is not ineffective simply because counsel fails to base [his] decisions on laws that might be passed in the future." Id. *See also* Cooks v. United States, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attribute of effective representation."); United States v. Carew, 140 Fed. Appx. 15, *18 (10th Cir. June 29, 2005) (unpublished) (holding

4

that where the defendant pled guilty and was sentenced before the issuance of Blakely and Booker, counsel's failure to predict Booker's constitutional and remedial holdings is not objectively unreasonable).

11.     Because Mr. Vargas cannot satisfy the first prong of the Strickland test, his claim of ineffective assistance of counsel must fail. In addition, he would be unable to demonstrate the prejudice prong under Strickland. Stated differently, even if Mr. Vargas' attorney had been able to foresee the changes in legal precedent before they occurred, Mr. Vargas could not establish that the sentencing enhancement violated Blakely or Booker. This is true because the Supreme Court, in Booker, extended the rule announced in Apprendi, i.e., that "[a]ny fact (*other than a prior conviction*)" that increased the penalty beyond the statutory maximum must be proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756 (emphasis added). The rule in Apprendi, which Booker did not overrule, is that sentencing enhancements based on prior convictions need not be submitted to a jury for fact finding.

12.     Here, Mr. Vargas' enhancement was based on a prior conviction for an aggravated felony. "Because we have held that Blakely and Booker do not apply to the fact of a prior conviction, [the § 2255 movant] cannot establish either of the required prongs under Strickland." Gonzalez-Bartolo, 132 Fed. Appx. at *771 (examining similar claim of ineffective assistance of counsel).[3] Because Mr. Vargas fails to satisfy either or both of the Strickland prongs, the Court recommends that his ineffective assistance of counsel be denied and the petition dismissed.

---

[3] The Tenth Circuit's decision in Gonzalez-Bartolo is not binding since it was not published. However, it provides guidance as to how the Court would decide this matter.

13. Title 28 U.S.C. § 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law. . . ." Here, Mr. Vargas is not entitled to an evidentiary hearing under § 2255 because as discussed at length above, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 28 U.S.C. 2255.

### Recommended Disposition

That Mr. Vargas' "Motion Pursuant to 28 U.S.C. § 2255 Unconstitutional Enhancements Pursuant to <u>Blakely v. Washington</u> and <u>Apprendi v. Washington</u>" [Doc. 1] be DENIED and that the § 2255 petition be DISMISSED, with prejudice.

_____
Alan C. Torgerson
United States Magistrate Judge